**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4045**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

WILLIE JOE GOODWIN, II,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:17-cr-01143-JMC-1)

Submitted:  June 26, 2020                                    Decided:  July 13, 2020

Before NIEMEYER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Sherri A. Lydon, United States Attorney, William Camden Lewis, Assistant United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant.  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Joe Goodwin, II, pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). The district court determined at sentencing that Goodwin's prior convictions for possession with intent to distribute marijuana in violation of S.C. Code Ann. § 44-53-370(a)(1) (2018), did not qualify as "controlled substance offense[s]" and declined to sentence Goodwin as a career offender under U.S. Sentencing Guidelines Manual § 4B1.2 (2016). The Government appeals, arguing that Goodwin qualified as a career offender. We vacate Goodwin's sentence and remand for resentencing.

We review de novo a district court's determination of whether a defendant's prior conviction qualifies as a career offender predicate. *United States v. Furlow*, 928 F.3d 311, 317 (4th Cir. 2019), *vacated and remanded on other grounds*, __ S. Ct. __, No. 19-7007, 2020 WL 2814758 (U.S. June 1, 2020). In *Furlow*, we held that a similar South Carolina statute, S.C. Code Ann. § 44-53-375(B) (2018), is divisible and subject to the modified categorical approach.[1] *Id.* at 319-22 (citing with approval *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018) (holding § 44-53-370(a)(1) is divisible), *cert. denied*,

---

[1] Section 44-53-370(a)(1) makes it unlawful for any person "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance." Section 44-53-375(B) provides that any person "who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possess with intent to distribute, dispense, or deliver methamphetamine or cocaine base" is guilty of a felony.

139 S. Ct. 1214 (2019)).  We also determined that South Carolina distribution of crack cocaine qualified as a "controlled substance offense" for purposes of the career offender Guideline.  *Furlow*, 928 F.3d at 322.  Based on *Furlow*, which we decided after Goodwin's sentencing, the district court's conclusion that Goodwin's South Carolina § 44-53-370(a)(1) convictions for possession with intent to distribute marijuana did not qualify as predicate convictions for purposes of the career offender Guidelines was incorrect.[2]

Therefore, we vacate Goodwin's sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Goodwin argues that any error by the district court was harmless because the district court considered the career offender sentence and determined that the sentence imposed was appropriate and necessary under the 18 U.S.C. § 3553(a) (2018) factors.  However, for a Guideline error to be harmless, "something more than a review by the district court of the § 3553(a) factors is needed, particularly since an assessment of those factors is required at every sentencing."  *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013).  After a review of the record, we are unable to conclude with any certainty that the district court would have imposed the same sentence if it had correctly applied the career offender enhancement.  *See United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).